

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-1998

# Gibbs v. Ryan

Precedential or Non-Precedential:

Docket 96-3528

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Gibbs v. Ryan" (1998). *1998 Decisions*. Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 13, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3528

HENRY GIBBS, JR.,

Appellant

v.

DR. WILLIAM C. RYAN

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 96-cv-00041J)

Argued: May 19, 1998

Before: Roth, McKee, Circuit Judges and
O'Neill, Senior District Judge*

(Filed: November 13, 1998)

        NANCY WINKELMAN, Esq. (Argued)
        Schnader, Harrison, Segal & Lewis
        1600 Market Street
        Suite 3600
        Philadelphia, PA 19103

Attorney for Appellant

_____

*The Honorable Thomas N. O'Neill, Jr., Senior District Judge of the
United States District Court for the Eastern District of Pennsylvania,
sitting by designation.

ALISA B. KLEIN, Esq. (Argued)
JOHN P. SCHNITKER, Esq.
United States Department of Justice
Civil Division, Appellate Staff
601 D. Street, N.W.
Washington, D.C. 20530-0001

Attorneys for Intervenor-Appellee

WILLIAM C. RYAN (pro se)
Somerset SCI
1590 Walters Mill Road
Somerset, PA 15510

OPINION OF THE COURT

McKEE, Circuit Judge:

Henry Gibbs appeals from the district court's order revoking his in forma pauperis status and dismissing his complaint pursuant to 28 U.S.C. S 1915(g). Gibbs contends that the district court erred in applying that statute, that the statute is an unconstitutional denial of the equal protection of the law, and that it denies him his fundamental right of access to the courts. For the reasons that follow, we agree that the district court erred in applying the statute to Gibbs and revoking his in forma pauperis status. Accordingly, we will vacate the order of the district court and remand for further proceedings.

I.

On February 27, 1996, Gibbs filed a civil rights complaint pursuant to 42 U.S.C. S 1983, alleging that Dr. William C. Ryan, a physician at the State Correctional Institute at Somerset, had denied him medical treatment for a back injury and for injuries Gibbs allegedly sustained when he inadvertently ingested a piece of metal that was in his food. The matter was referred to a magistrate judge on that same day, and the magistrate judge granted Gibbs leave to proceed in forma pauperis. On March 6, 1996, an order was filed limiting Gibbs' in forma pauperis status to a waiver of

2

the prepayment of the filing fee, and noting that Gibbs may be responsible for other fees and expenses. The order was based upon Gibbs' numerous civil rights filings. There is no indication in the record that the Marshal's fee was ever paid or that defendant Ryan was ever served.1

On April 26, 1996, while the instant suit was pending in the district court, Congress enacted the Prison Litigation Reform Act, Pub. L. No. 104-134 (April 26, 1996) which is codified at 28 U.S.C. S 1915 ("PLRA"). Section 804 of the PLRA amends the prior 28 U.S.C. S 1915 to include a new provision that has come to be known as the "three strikes" rule. That provision is as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. S 1915(g). Based upon this provision, the magistrate judge issued a Report and Recommendation recommending that Gibbs' previously granted in forma pauperis status be revoked and that he be required to submit the full filing fee. The district court overruled Gibbs'

_____

1. We note that the general practice in this Circuit is to grant leave to proceed in forma pauperis based solely on a showing of indigence. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). Moreover, S 1915(c) (re-numbered as S 1915(d)) unequivocally states that "[t]he officers of the court shall issue and serve all process, and perform all duties in [ifp] cases" that are not initially dismissed as frivolous by the district court. See also Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (since district court granted plaintiff leave to proceed in forma pauperis, it was district court's responsibility to serve process upon all defendants); Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (if district court does not dismiss complaint as frivolous, court is compelled to proceed in compliance with S 1915(c)). Since the magistrate judge found Gibbs eligible to proceed in forma pauperis he should not have imposed a prepayment requirement. On remand the district court should order service of the complaint without prepayment of the service fees.

objections to that Report and Recommendation, adopted the Report as the court's opinion, and dismissed Gibbs' complaint.2 This appeal followed. The district court granted Gibbs leave to appeal in forma pauperis and we appointed counsel to assist Gibbs with this appeal. The United States has intervened and filed a brief as amicus curiae limited to the issues raised by Gibbs' challenge to the constitutionality of the PLRA.3

The district court had subject matter jurisdiction pursuant to 28 U.S.C. SS 1331 and 1343. We have appellate jurisdiction to review a final order of the district court pursuant to 28 U.S.C. S 1291. Our review of issues of statutory construction and interpretation is plenary. Moody v. Security Pac. Bus. Credit, Inc., 971 F.2d 1056, 1063 (3d Cir. 1992).

II.

We are thus presented with yet another issue under the PLRA. We must decide the narrow question of whether a district court may apply S 1915(g) to revoke in forma pauperis status that had been granted prior to enactment of the PLRA. We conclude it can not.

Our inquiry must begin with the language of the statute. Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 557-58, 110 S.Ct. 2126, 2130-31, 109 L.Ed.2d 588 (1990); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1498 (3d Cir. 1996) (collecting cases). As set forth above, section 1915(g) provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding[in forma pauperis] ...." if the prisoner has "three strikes" as specified in the statute (emphasis added). Despite other ambiguities that may exist within the text of the PLRA, Congress clearly
_____

2. We note that the better course is to issue an order denying in forma pauperis status, directing payment of the fullfiling fee within a specified
period and dismissing the complaint only if the litigant fails to pay the filing fee.

3. Since we conclude that 28 U.S.C. S 1915(g) doesn't apply to Gibbs, we do not reach the constitutional challenge.

4

limited the reach of S 1915(g) to "bringing" a civil action or "appealing" a judgment. Neither term is a term of art and we therefore assume that Congress intended those common words to have their ordinary meaning in the PLRA. See In re TMI, 67 F.3d 1119, 1123 (3d Cir. 1995), cert. denied, 116 S.Ct. 1560 (1996).

In the context of filing a civil action, "bring" ordinarily refers to the "initiation of legal proceedings in a suit." Black's Law Dictionary 192 (6th ed. 1990); see also Random House Dictionary of the English Language 262 (2d ed. 1987) ("bring" is synonymous with "commence: to bring an action for damages"). Gibbs commenced his action against Ryan on February 27, 1996, and his request for in forma pauperis status was granted that same day. His complaint was filed, and his action was "brought" when his motion to proceed in forma pauperis was granted. See Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 458 (3d Cir. 1996) (complaint "duly filed" after determination was made that litigant was indigent); Oatess v. Sobolevitch, 914 F.2d 428, 430 n.1 (3d Cir. 1990) (when complaint is accompanied by motion to proceed in forma pauperis, rather than payment of the filing fee, complaint is not filed until the motion has been granted). Thus, Gibbs' complaint was filed almost two months prior to the effective date of the PLRA, and his action was brought before the "three strikes" provision of S 1915(g) became law. Nothing in the text of the statute leads us to conclude that Congress intended the "three strikes" provision to apply to actions that were "pending" as well as actions that were "brought" under the PLRA. See Chandler v. District of Columbia Dep't of Corrections, 145 F.3d 1355 (D.C. Cir. 1998); Canell v. Lightner, 143 F.3d 1210 (9th Cir. 1998); Garcia v. Silbert, 141 F.3d 1415 (10th Cir. 1998).

In Garcia, an inmate filed a S 1983 action in the district court on April 9, 1996, and was granted leave to proceed in forma pauperis on April 18, 1996. However, after S 1915(g) became effective, the district court dismissed Garcia's claims after determining that at least three of Garcia's prior suits had been dismissed as frivolous as required under the "three strikes" provision. The court of appeals reversed concluding "the plain language of S 1915(g) restricts a

5

prisoner's ability to `bring a civil action or appeal a judgment in a civil action' in forma pauperis." Id. at 1416 (emphasis added). The court reasoned that Garcia's claim had already been brought and could not subsequently be dismissed under S 1915(g). In Canell, both the complaint and the appeal were brought prior to the enactment of the PLRA. The Court of Appeals for the Ninth Circuit concluded that "[t]he plain language of the section indicates that it does not apply to pending cases on appeal, as is the case here." Canell, 143 F.3d at 1212, (citing Lindh v. Murphy, ___ U.S. ___, 117 S.Ct. 2059, 2062, (1997)). Similarly, the court in Chandler examined the text of 28 U.S.C. S 1915(g) and concluded that when "[r]ead in concert with the rest of section 1915," subsection (g) was intended to apply only at the time an indigent prisoner files a complaint or an appeal, and was not intended to apply later in the course of the proceeding. Chandler, 145 F.3d at 1358-59.

This reasoning is consistent with the holding in cases where courts have decided whether appellate fees may be assessed for appeals pending on the effective date of the PLRA. For example, in Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996), the court held that it could not dismiss two remaining appeals as frivolous because appellant had used up his allotted "three strikes" during the pendency of those appeals. The court concluded that "[s]ection 1915(g) governs bringing new actions or filing new appeals--the events that trigger an obligation to pay a docket fee--rather than the disposition of existing cases." See also Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996) (holding that the dispositive events for purposes of the new fee obligations under S 1915(b)(1) are the "bringing" of a civil action and the "filing" of an appeal. Once these "milestones" have passed, "fees do not attach to later activities."), Lucien v. Jockisch, 133 F.3d 464, 467 (7th Cir. 1998) (application of the PLRA to prisoner's complaint depends on when complaint is "filed").

In Church v. Attorney General of Virginia, 125 F.3d 210 (4th Cir. 1997), the court applied a Landgraf4 analysis and

_____

4. Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

held "the new law governing prisoner filing fees should not govern an action in which the prisoner has already `properly filed [his action and appeal] under the old regime.' " Id. at 213, (quoting Landgraf, 511 U.S. at 275 n.29, 114 S.Ct. at 1502 n.29).

However, not all courts that have addressed this issue have reached the conclusion we reach today. In Covino v. Reopel, 89 F.3d 105, 108 (2d Cir. 1996), the court concluded that the PLRA's burdens are "slight and entirely avoidable," and the fee requirements of S 1915(g) can fairly apply to prisoners who filed notices of appeal prior to its enactment date, regardless of whether they had previously filed in forma pauperis motions or had "carryover" in forma pauperis status on appeal. However, we are not persuaded. The proper inquiry does not turn upon considerations of fairness. Rather, the analysis must focus on congressional intent. We believe that if Congress had intended the result reached in Covino it would not have limited the "three strikes" provision to an inmate's ability to "bring" an action. Congress could have tied the "three strikes" bar to an inmate's ability to maintain an action. It did not do so.

We are similarly unpersuaded by the reasoning of Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996) and Strickland v. Rankin County Correctional Facility, 105 F.3d 972 (5th Cir. 1997). Without discussion, these courts found S 1915(g) ambiguous as to whether it should be only prospectively applied. They therefore proceeded to examine whether applying S 1915(g) to pending complaints or appeals would be "retroactive" in effect -- i.e., "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. Finding no such retroactive effect, the courts held that S 1915(g) should be applied even to complaints and appeals already successfully filed i.f.p. under the old rules. Because in our view the language of S 1915(g) is plainly prospective, while other PRLA provisions demonstrate Congress expressly required retrospective application when it so

7

desired, we believe it unnecessary to look beyond the statute's language to determine when it applies. 5

III.

For the above reasons, we will vacate the district court's order of dismissal and remand for further proceedings consistent with this opinion as set forth in Roman, 116 F.3d at 86.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

5. As an aside, we note that counsel for the United States, as intervenor, has taken the position that 28 U.S.C. S 1915(g) should not be applied here since Gibbs had already been granted in forma pauperis status before the PLRA was enacted. See Intervenor's Br. at 12.

8