

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-1999

# Collins v. Montgomery Cty Bd

Precedential or Non-Precedential:

Docket 98-1206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Collins v. Montgomery Cty Bd" (1999). *1999 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 13, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1206

MICHAEL T. COLLINS,

     Appellant

v.

MONTGOMERY COUNTY BOARD OF PRISON
INSPECTORS; JOSEPH WALSH, individually; JAMES A.
FREY, individually; EDWIN NEGRON, individually;
ALFRED RICCI, individually; MARK GRIFFITH,
individually; FRANK GRIFFITH, individually; DAVID
DOMBROSKI, individually, JULIO M. ALGARIN, IN HIS
OFFICIAL CAPACITY AND INDIVIDUALLY; DELORES
MARTIN, INDIVIDUALLY; LAWRENCE ROTH, IN HIS
OFFICIAL CAPACITY; UNITED STATES OF AMERICA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 95-04220)
District Judge: Honorable Norma L. Shapiro

Argued November 17, 1998

BEFORE: BECKER, Chief Judge, GREENBERG,
Circuit Judge, and McLAUGHLIN,* District J udge

Reargued en banc April 23, 1999

BEFORE: BECKER, Chief Judge, and SLOVITER,
STAPLETON, MANSMANN, GREENBERG, SCIRICA,
NYGAARD, ALITO, ROTH, LEWIS, MCKEE, and RENDELL,
Circuit Judges

_____

*Honorable Sean J. McLaughlin, Judge of the United States District
Court for the Western District of Pennsylvania, sitting by designation.

(Filed: May 13, 1999)

David Richman (argued)
Stephen G. Harvey
Michelle Hart Yeary
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103

 Attorneys for Appellant

Walter S. Jenkins (argued)
Sweeney & Sheehan
1515 Market Street, 19th Floor
Philadelphia, PA 19102

 Attorneys for Appellees
 Montgomery County Board of
 Prison Inspectors, Joseph Walsh,
 James A. Frey, Edwin Negron,
 Alfred Ricci, Mark Griffith, Frank
 Griffith, David Dombroski, Julio M.
 Algarin, Delores Martin, and
 Lawrence Roth

Frank W. Hunger
Assistant Attorney General
Michael R. Stiles
United States Attorney
Barbara L. Herwig
Edward R. Cohen (argued)
Attorneys, Appellate Staff
Civil Division, Room 9014
U.S. Department of Justice
601 D. Street, N.W.
Washington, D.C. 20530-0001

 Attorneys for Appellee
 United States of America[1]

_____

1. Walter S. Jenkins argued before the panel but not the court en banc. David Richman and Edward R. Cohen argued before both the panel and the court en banc.

2

OPINION OF THE COURT

GREENBERG, Circuit Judge:

I. BACKGROUND

This matter is before this court on an appeal from an order entered February 17, 1998, in the United States District Court for the Eastern District of Pennsylvania. In 1995, appellant Michael Collins brought this action under 42 U.S.C. S 1983 alleging that the defendants violated his constitutional rights while he was incarcerated in the Montgomery County Correctional Facility in Montgomery County, Pennsylvania. The court granted Collins leave to proceed in forma pauperis on July 26, 1995, and on November 17, 1995, Collins moved for appointment of counsel. Upon request of the district court, the firm of Pepper, Hamilton & Scheetz agreed to represent Collins in pursuing several of his claims. The district court made this appointment on January 31, 1996.

On April 26, 1996, approximately three months after Pepper, Hamilton & Scheetz agreed to represent Collins and less than three months after the district court made the appointment, the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), became effective. The PLRA significantly limits the attorney's fees that a court may award a prisoner recovering a monetary judgment in a civil rights action by placing a cap both on an attorney's maximum hourly rate and on the total amount of attorney's fees recoverable from a defendant. Moreover, the PLRA requires that a portion of a monetary judgment recovered by a plaintiff be applied to satisfy attorney's fees. See 42 U.S.C. S 1997e(d).

Collins' action was tried in December 1996, after the effective date of the PLRA, before a jury that returned a verdict against two of the ten defendants and awarded Collins compensatory damages of $15,000 and punitive damages of $5,000 on a claim arising out of an attack on him by a guard dog. As a partially successful civil rights

3

litigant under 42 U.S.C. S 1983, Collins moved for an award of attorney's fees of $80,122.75 pursuant to 42 U.S.C. S 1988.[2] Collins recognized the possible effect of the PLRA on his application but raised an equal protection challenge to the Act. Subsequently, on July 11, 1997, the court permitted the United States to intervene under 28 U.S.C. S 2403 to defend the constitutionality of the PLRA.

The court in an opinion dated January 9, 1998, held that Collins' application for attorney's fees for services performed after the PLRA became effective on April 26, 1996, was subject to the PLRA's attorney's fees limitations. The court, however, in a determination not challenged on this appeal, held that Collins was entitled to an award of attorney's fees for pre-PLRA legal services without regard for the Act's limitations. It accordingly directed Collins to submit a revised fee petition conforming with the PLRA for the time Pepper, Hamilton & Scheetz spent both in and out of court after April 26, 1996. Moreover, the court upheld the constitutionality of the attorney's fees provisions of the PLRA.

On January 26, 1998, Collins filed a revised fee petition that sought an award of $7,789.75 without regard for the PLRA limitations for services before April 26, 1996, but which reduced his request for services performed thereafter from $72,333 to $30,000 in compliance with the PLRA. Collins calculated this post-PLRA figure as $30,025.30 in gross fees, based on the applicable hourly rate, reduced by $25.50 in accordance with the PLRA limitations. The defendants raised no issue with respect to mathematical calculations in this revised petition with respect to services either before or after the enactment of the PLRA, and the district court granted this revised fee petition by order entered on February 17, 1998. The court at that time divided the responsibility for the attorney's fees subject to the PLRA on the basis of 97.5% or $29,250 to the defendants and 2.5% or $750 to Collins. Collins filed a timely notice of appeal from this fee award on March 13, 1998.[3] The defendants have not cross-appealed and
_____

2. He also moved for costs but the parties raise no issue regarding costs on this appeal.

3. The defendants (not including the United States) contend that Collins' appeal is untimely because he filed it more than 30 days after the

4

consequently they acquiesce in the district court's allowance of fees for pre-PLRA services without regard for the Act's limitations. The district court had jurisdiction under 28 U.S.C. S S 1331, 1343(a), and we have jurisdiction under 28 U.S.C. S 1291. Following argument before the original panel, the full court voted that the case be considered en banc, and the parties thereafter reargued the case before the en banc court. See Third Circuit Internal Operating Procedure 9.4.

II. DISCUSSION

On this appeal, we are asked to answer two questions: (1) whether a court should apply the PLRA's attorney's fee limitation provisions to prisoner civil rights cases pending at the time of its enactment and, if so, (2) whether the PLRA's attorney's fee provisions violate the equal protection of the law guarantee inherent in the Fifth Amendment of the United States Constitution.4 Because these issues present questions of law, our review is plenary.
_____

district court's January 9, 1998 order. As we have explained, attorney's fee awards are not appealable until the court determines their amount. See Government Guar. Fund of the Republic of Finland v. Hyatt Corp., 95 F.3d 291, 308 (3d Cir. 1996). Accordingly, because Collins filed his notice of appeal less than 30 days after entry of the district court's February 17, 1998 order awarding a quantified amount of attorney fees, his appeal is timely.

4. The defendants (other than the United States) argue that because Collins cashed his check for attorney's fees, which included an accord and satisfaction notation, he has waived any right to appeal the district court's fee award. It is well settled, however, that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the judgment, standing alone, does not amount to an accord and satisfaction of the entire claim. See United States v. Hougham, 364 U.S. 310, 312, 81 S.Ct. 13, 16 (1960). The defendants knew that Collins was unsatisfied with his fee award; Collins filed and served his notice of appeal prior to cashing his check. In addition, the defendants do not contend that they sent the check pursuant to any settlement negotiations or agreement. In these circumstances, Collins has not waived his right to appeal by cashing his check.

5

A. Retroactivity Questions

The PLRA's attorney's fee limitation provisions are found at 42 U.S.C. S 1997e(d), which provides in relevant part:

(d) Attorney's Fees

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under [42 U.S.C. S 1988], such fees shall not be awarded, except to the extent that--

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff 's rights protected by a statute pursuant to which a fee may be awarded under [42 U.S.C. S 1988]; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18[, the Criminal Justice Act,] for payment of court-appointed counsel . . . .

These PLRA attorney's fee limitation provisions raise three retroactivity questions here. With respect to consideration of compensation based on the time a plaintiff 's attorney has expended on the case, the PLRA limits attorney's fees to an hourly rate not greater than 150% of the hourly rate for court-appointed counsel established under the Criminal Justice Act in the applicable district. In this case, the hourly rates allowed on the basis of 150% of the Criminal Justice Act rates were

$97.50 for court time and $67.50 for time out of court. As we have indicated, however, the court applied the limitations only to services after the effective date of the PLRA, and the defendants do not contend that the limitations should have been applied to earlier services. Collins contends, however, that the hourly rate provisions should not be applied at all in this action as hefiled it before the enactment of the PLRA.

Another limitation is predicated on the amount of the recovery and provides that the fees awarded cannot exceed 150% of the judgment. In this case, as the judgment was for $20,000, the district court capped the fee at $30,000. In this regard, we point out that the defendants do not contend that the fees awarded Collins' attorneys for pre-PLRA services should count against the $30,000 cap and thus the district court applied the cap only against the fees for post-PLRA services. Inasmuch as the fees for post-PLRA services calculated on the basis of the hourly rate limitation was $30,025.30, the capping provision reduced the attorney's fees by the nominal amount of $25.30 to $30,000. Collins nevertheless contends that the cap should not be applied in this case in any degree as hefiled it before the enactment of the PLRA.

The third provision is a fee limitation only in the sense that it places responsibility for the fees on the plaintiff by requiring that a portion of the judgment (not to exceed 25%) be applied to satisfy the award of attorney's fees. Here the district court allotted 2.5% of the responsibility for the fee to Collins.5 Collins contends that no portion of his judgment should have been applied to the attorney's fees.

Congress did not clearly define the temporal reach of any of the three limitation provisions so we must consider

_____

5. Conceivably, depending upon the amount of the judgment and of the attorney's fees awarded, the plaintiff could be responsible for all of the fees. We point out that there might be some difficult questions raised in a case in which a prisoner obtains extensive and important equitable relief and a modest award of damages. Perhaps in such a case an attorney's fee would not be limited by the cap in 42 U.S.C. S 1997(e)(d)(2). We, however, leave that question to another day as Collins recovered only monetary damages.

whether as applied here they have a retroactive effect. See Landgraf v. USI Film Prods., 511 U.S. 244, 280, 114 S.Ct. 1483, 1505 (1994). The Court of Appeals for the District of Columbia Circuit in Inmates of D.C. Jail v. Jackson, 158 F.3d 1357 (D.C. Cir. 1998), recently addressed this issue in part. The court concluded that it would join the Court of Appeals for the Eighth Circuit in Williams v. Brimeyer, 122 F.3d 1093, 1094 (8th Cir. 1997), "in holding that retroactivity concerns are not implicated when the statute is applied to work performed after April 26, 1996, the date of passage of the PLRA." Inmates of D.C. Jail, 158 F.3d at 1360. The court went on to explain:

> When it is applied to work performed after the effective date of the Act, the PLRA raises none of the retroactivity concerns that require the analysis used by the district court because the statute creates present and future effects on present and future conduct, and has no effect on past conduct. Compare [Jensen v. Clarke, 94 F.3d 1191, 1203 (8th Cir. 1996)] (holding that the PLRA did not apply to pre-Act work) with Williams, 122 F.3d at 1094 (holding that as applied to work performed after the passage of the Act, there is no retroactivity). The fees at issue were earned after the PLRA passed. The PLRA does not in this case upset vested interests because no right to a fee existed until the work was done. Because we find no retroactive effect, we need not consider the Supreme Court's extensive analysis of when to permit retroactive application. See Landgraf, 511 U.S. 244; [Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997)]. As the Supreme Court stated in Landgraf, normally a court is to apply the law in effect at the time it renders its decision. 511 U.S. at 264 (quoting Bradley v. School Bd. of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)).

> In Landgraf, the Supreme Court noted that it has adopted a functional definition of retroactivity. See id. at 268–69 & n.23. In Miller v. Florida, it stated that [a] law is retrospective if it changes the legal consequences of acts completed before its effective date. 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) . . . .

8

To determine if a statute has retroactive effect, the court must decide whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. Landgraf, 511 U.S. at 280, 114 S.Ct. 1483. In determining whether the statute has retroactive effect, the court should consider fair notice, reasonable reliance, and settled expectations. Id. at 270, 114 S.Ct. 1483. In this case, the work at issue was not done until after the passage of the Act. The attorneys did not possess a right to payment until they performed the work for which the fees were awarded, and thus had no settled expectations. Simply put, as applied in this case, the PLRA does not impair rights or upset expectations that did not exist prior to its passage, and could not exist after its passage. Because we hold only that the fee limitations apply to work performed after the passage of the Act, there is no need to continue the retroactivity analysis.

Inmates of D.C. Jail, 158 F.3d at 1360–61 (internal quotation marks omitted). Thus, the court in Inmates of D.C. Jail held "that applying the fee-capping provisions of [42 U.S.C. S 1997e(d) ] to work performed after April 26, 1996, does not implicate retroactivity concerns." Id. at 1361.

We agree with the foregoing analysis, and thus we follow it.6 While Inmates of D.C. Jail was not concerned with the limitation provision based on the size of the judgment, that provision raises no additional retroactivity problems here as the district court awarded Collins fees for pre-PLRA services on an hourly basis without regard for any of the PLRA's limitations. Thus, we hold that the attorney's fees limitation provisions of the PLRA predicated on hourly rates and the

_____

6. We are aware of but do not follow Hadix v. Johnson, 143 F.3d 246 (6th Cir.), cert. granted, 119 S.Ct. 508 (1998), which reached a contrary result. We have no reason to express an opinion on whether the PLRA limitations could be applied to cap fees for services performed before its effective date as the defendants do not contend that it should be so applied.

9

amount of the judgment simply do not have retroactive effect, at least when, as here, a court applies them solely to limit fees awarded for services performed after the effective date of the Act based on a judgment entered after that date. See also Madrid v. Gomez, 150 F.3d 1030, 1039 (9th Cir. 1998).7

We, however, face a question not involved in Inmates of D.C. Jail, namely whether the PLRA provision that requires application of a portion of the judgment to payment of attorney's fees has a retroactive effect. See Mathews v. Kidder, Peabody & Co., 161 F.3d 156, 159-60 (3d Cir. 1998), cert. denied, 1999 WL 86955 (Apr. 19, 1999) (No. 98-1319). The Supreme Court in Landgraf indicated that to determine whether a statute has retroactive effect a court must decide, inter alia, whether "it would impair rights a party possessed when he acted." Landgraf, 511 U.S. at 280, 114 S.Ct. at 1505.

Here the application of a portion of the judgment to the attorney's fees does have a retroactive effect because under 42 U.S.C. S 1988 when Collins brought this action he could have anticipated applying to the court for an award of all of his reasonable attorney's fees. While undoubtedly even before the enactment of the PLRA various factors might have limited the amount of the award, see Washington v. Philadelphia County Ct. of Common Pleas, 89 F.3d 1031 (3d Cir. 1996), when Collins brought this action and then applied for the appointment of counsel prior to the PLRA's enactment, he had no reason to believe that the court would order that a portion of his judgment, if he obtained one, would be used to satisfy the attorney's fees that the court awarded. Moreover, the various factors that could have led a court before enactment of the PLRA to reduce a

_____

7. Our result is not inconsistent with our opinion in Gibbs v. Ryan, 160 F.3d 160 (3d Cir. 1998), in which we held that the three strikes provision of the PLRA, 28 U.S.C. S 1915(g), did not permit the district court to revoke an order granting in forma pauperis status entered prior to the effective date of the PLRA. In Gibbs we pointed out that the three strikes provision limited a prisoner's right to "bring a civil action or appeal a judgment." 160 F.3d at 162. Obviously, in Gibbs the prisoner already had brought his action before the enactment of the PLRA. In this case the fees were awarded after the enactment of the PLRA.

fee application continue to be applicable after its enactment. Thus, we see no escape from the conclusion that the PLRA has a retroactive effect in this case to the extent that it requires that a portion of a judgment be applied to pay attorney's fees.

The PLRA does not indicate whether 42 U.S.C. S 1997e(d) should be applied retroactively, and we find no clear congressional intent from any other source to apply the statute retroactively. In these circumstances, we will apply the judicial default rule recognized in Landgraf that when Congress does not state its intent with respect to retroactivity a statute with a retroactive effect will be applied prospectively. See Landgraf, 511 U.S. at 280, S.Ct. at 1505; see also Lindh v. Murphy, 117 S.Ct. 2059, 2062 (1997); Mathews, 161 F.3d at 159-60. Consequently, we will modify the order of February 17, 1998, to the extent that it applied a portion of the judgment to satisfy attorney's fees by eliminating that provision.

B. Constitutional Questions

Collins argues that the PLRA's attorney's fee limitation provisions violate equal protection of the law by withdrawing from prisoners but not other plaintiffs the right under 42 U.S.C. S 1988 to an award of reasonable attorney's fees upon prevailing in a civil rights action. Collins contends that by "virtually eliminating the potential for a prisoner's recovery of reasonable fees, the Act severely impairs the ability of prisoners to obtain counsel without similarly affecting the ability of non-prisoners."

In this case we are concerned only with the constitutionality of the attorney's fee limitation provisions limiting the attorney's fees to 150% of the judgment and limiting the hourly rates to 150% of the hourly rates for court-appointed counsel under the Criminal Justice Act in the applicable district. Obviously, we do not face any constitutional question with respect to application of a portion of the judgment to satisfaction of the attorney's fees as we have eliminated that application in this case on a nonconstitutional basis.

We have divided equally on the question of whether the limitation of the fees to 150% of the judgment is

11

constitutional and consequently we will affirm the order of
the district court to the extent that it upheld that provision.
This disposition renders the constitutional challenge to the
hourly rate limitation provision moot as the hourly rate
limitation standing alone would allow Collins $30,025.30 in
fees, a sum exceeding the $30,000 cap predicated on 150%
of the judgment. Consequently, an invalidation of the
hourly rate limitation could not enhance the fees allowed
for no matter what the hourly rate allowed for Collins'
attorneys' services the fee cannot exceed $30,000 for post-
PLRA services. Therefore, we will not decide whether the
hourly rate limitation violates a prisoner's rights to equal
protection of the law.

III. CONCLUSION

For the foregoing reasons we will modify the order of
February 17, 1998, to the extent that it allocated $750 of
the attorney's fee to Collins and will remand the case to the
district court to enter an amended order reflecting our
determination. Thus, the defendants against whom the
monetary damages judgment was entered will be
responsible for the entire $30,000 fee. We otherwise will
affirm the order of February 17, 1998. The parties will bear
their own costs on this appeal.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

12