

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Lopez v. US Dept Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2409

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lopez v. US Dept Justice" (2007). *2007 Decisions*. Paper 1216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-157                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2409
_____

JOHNNY LOPEZ,

Appellant

v.

US DEPARTMENT OF JUSTICE; PETER T. DALLEO
_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00190)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2007

Before: Rendell, Smith and Jordan, <u>Circuit</u> <u>Judges</u>

(Filed: April 25, 2007)

_____

OPINION
_____

PER CURIAM

        Johnny Lopez appeals from the District Court's April 11, 2006 order denying his

motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  We have jurisdiction pursuant to 28

U.S.C. § 1291, and review issues of statutory construction de novo. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Lopez's motion on the grounds that he had "three strikes" under 28 U.S.C. § 1915(g) and had not alleged that he was in "imminent danger of serious physical injury" at the time he filed his complaint. One of the "strikes" on which the District Court relied, however, was the dismissal of a complaint that was then on appeal in this Court. See Lopez v. Howard, D. Del. Civ. No. 06-cv-00107, C.A. No. 06-2361. A dismissal does not qualify as a "strike" for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Lopez thus had only two "strikes" when the District Court denied his motion, and the District Court erred in requiring him to demonstrate that he was under imminent danger of serious physical injury before proceeding in forma pauperis at that time. See 28 U.S.C. § 1915(g).

The fact that the Court has since affirmed the dismissal in Lopez v. Howard, see C.A. No. 06-2361, Slip Op. (3d Cir. March 9, 2007), does not change that result. By its terms, § 1915(g) governs only the circumstances under which a prisoner may "bring" a civil action in forma pauperis, which means that its impact must be assessed at the time a prisoner files his or her complaint. See Abdul-Akbar, 239 F.3d at 313; Gibbs v. Ryan, 160 F.3d 160, 162-63 (3d Cir. 1998). Thus, only the strikes actually earned up to that

2

time are relevant.  The statute does not authorize courts to revoke <u>in</u> <u>forma</u> <u>pauperis</u> status if a prisoner later earns a third strike.  <u>See</u> <u>Gibbs</u>, 160 F.3d at 163 (explaining that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action. Congress could have tied the 'three strikes' bar to an inmate's ability to <u>maintain</u> an action.  It did not do so.").

Accordingly, we will summarily vacate the District Court's order and direct the District Court to evaluate Lopez's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in light of this opinion.  <u>See</u> 3d Cir. LAR 27.4 (1997); 3d Cir. IOP 10.6.