**Joanne BOYD, Appellant**

v.

**Patrick PEARSON.**

No. 08–3713.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 3, 2009.

Opinion filed: Sept. 18, 2009.

Joanne Boyd, Norristown, PA, pro se.

Before SLOVITER, AMBRO and GREENBERG, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

This matter comes on before this Court on Joanne Boyd's appeal from an order of the District Court dismissing her complaint without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons that follow we will affirm the order, albeit on grounds differing from those of the District Court.

### I.

The material facts are not complex. On June 15, 2007, Boyd filed this action under 42 U.S.C. § 1983 against Patrick Pearson, the father of her son, Malcolm Pearson. On June 28, 2007, the District Court entered an order allowing her to proceed in forma pauperis and ordered the marshal to serve the summons and complaint on Pearson without cost to Boyd. For more than a year, however, the marshal did not serve process on Pearson, and, so far as the docket reflects, there was not any activity in the case during the year. Accordingly,

in an order entered July 29, 2008, the Court ordered the case dismissed without prejudice pursuant to Fed.R.Civ.P. 41(b), which permits dismissal of an action if the plaintiff does not prosecute it. The order of dismissal, however, provided that "if, within twenty (20) days, good cause can be shown why service was not made within one hundred and twenty (120) days of the date of the filing of the Complaint, the dismissal will be vacated." Boyd did not attempt to show good cause why the service had not been made prior to the expiration of the 20–day deadline. Instead, on August 28, 2008, she filed an appeal from the dismissal to this Court.

### II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We may affirm on any basis the record supports. *Erie Telecomms. Inc. v. City of Erie*, 853 F.2d 1084, 1089 n. 10 (3d Cir.1988).

### III.

 Pursuant to 28 U.S.C. § 1915(d), officers of the court issue and serve all process in in forma pauperis cases "that are not initially dismissed as frivolous by the district court." *Gibbs v. Ryan*, 160 F.3d 160, 161 n. 1 (3d Cir.1998). As we have indicated, the District Court granted Boyd's motion to proceed in forma pauperis, and ordered the marshal to serve Pear-

---

1. As we have indicated, the order in the District Court entered July 29, 2008, from which Boyd filed this appeal, recited that "the matter is hereby DISMISSED WITHOUT PREJUDICE," but provided that for good cause shown within 20 days the dismissal would be vacated. Ordinarily, an order of dismissal without prejudice is neither final nor appealable because the plaintiff may correct the deficiency "without affecting the cause of action." *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir.1976). But Boyd did not show good cause for the deficiency, i.e., the failure to make timely service, and conse-

quently the order became final and appealable at the end of 20 days after its entry. *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 278 (3d Cir.1992). Moreover, it appears that the statute of limitations has run on the claims Boyd advances and thus, in effect, the dismissal, though originally without prejudice, has become a dismissal with prejudice. *See Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 477 (3d Cir.2006). Consequently, inasmuch as dismissals with prejudice are appealable, we have jurisdiction over this appeal.

son with the summons and complaint at no cost to her. In the circumstances, in the light of *Gibbs*, it was improper for the District Court to dismiss the complaint for lack of service because the marshal, not Boyd, was responsible for the failure to make service.

▮ Nevertheless, we will affirm the order of dismissal because the case was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). A civil rights action brought pursuant to section 1983 is sustainable against state actors only. *Bright v. West-moreland County*, 380 F.3d 729, 736 (3d Cir.2004). Pearson, the sole defendant, is not a state actor, and, notwithstanding Boyd's claims that Pearson conspired with state and federal courts to gain custody of their son and to embezzle funds from his trust account, Boyd's accusations are insufficient to sustain her claims. *See Ashcroft v. Iqbal*, ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, citation, and bracket omitted). Accordingly, we will affirm the order of the District Court entered July 29, 2008.[2] Boyd's outstanding motions are denied.

---

**2.** We realize that we are affirming an order of dismissal without prejudice that was not on the merits and, in affirming, effectively are dismissing the case on the merits. Thus we have converted the dismissal without prejudice into a dismissal with prejudice. Ordinarily, in the absence of a cross appeal we could not have made this conversion, as by doing so we would be enhancing Pearson's position and constricting that of Boyd. *See*

*Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 205 (3d Cir.2001). Here, however, as we already have explained, the dismissal, though in terms without prejudice, has become a dismissal with prejudice. *See supra* n. 1. Accordingly, notwithstanding changing the reason for our outcome from that of the District Court, we are not changing the effect of the dismissal.