GLD-083                                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3778
_____

MR. G. JACKSON,
                                        Appellant

v.

MR. COLEMAN BROWN; MR. STEVE COOPER;
TRUE BLUE; LABOR READY INC., et al
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00702)
Magistrate Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2012

Before: FUENTES, GREENAWAY, JR., AND STAPLETON, Circuit Judges

(Opinion filed: January 31, 2012)
_____

OPINION
_____

PER CURIAM.

     Gregory Jackson filed a pro se complaint alleging that he worked for various

temporary employment agencies, including defendant Labor Ready, from 2001 until

2010.  During this time, Jackson contends, "he relentlessly sought revelation and

resolution of the mass murderous lethal environmental crimes that he has titled 'The Phantom Evil.'" Compl. at 1 (emphasis omitted). Jackson allegedly had "discovered that a deadly peril was being allowed to never cease inflicting fatalities and health hazards on mass millions of people in the public at large[.]" Id. Jackson's efforts to expose this "Phantom Evil" were not well received, see id. at 2-3, and he contends that "conflict" over his efforts led to termination of his employment. Id. at 2. Jackson claims that "his employment terminated for malicious and discriminatory reasons that [were] intended to deprive him of the cash flow needed to successfully litigate court ordered public disclose [sic] of the Phantom Evil." Id. at 3. Jackson seeks damages from the defendants (who are allegedly "employees of the aforementioned labor agencies or employees of clients," id. at 4), claiming that he was the victim of discrimination, "obstructed justice," and a "cover up and censorship . . . by clients of Labor Ready" and others. Id. at 3-4.

The District Court deferred ruling on Jackson's motion to proceed in forma pauperis (IFP) and directed him to file an amended complaint, noting that its review indicated that Jackson's claims as pleaded were subject to dismissal as frivolous. The District Court entered a separate order directing Jackson to communicate with the court exclusively by written motion, citing Jackson's "prior improper contacts with the United States Court of Appeals for the Fifth Circuit." Docket # 6 at 1. Jackson responded by filing a "Motion for Court Communication Status and [IFP] Hearing," docket # 7, arguing that he is the victim of "abuses by clerks of this court and other courts" seeking to suppress information about the "Phantom Evil." Id. at 1. Jackson did not file an

amended complaint as directed.

The District Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i), concluding that Jackson's allegations "fall within the fanciful, delusional, and/or frivolous categories." Docket # 8 at 3. The District Court denied Jackson's motion to proceed IFP as "moot." Jackson timely filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291. Because Jackson has been granted leave to proceed IFP on appeal, we must determine whether the appeal is subject to dismissal as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a review of the record, we conclude that this appeal must be dismissed as frivolous.

Section 1915(e)(2)(B)(i) "authorizes the dismissal of a[n IFP] complaint as factually frivolous if a court determines that the contentions are clearly baseless." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). Here, the crux of Jackson's complaint is that he experienced various wrongs (e.g., termination of his employment, a "cover up and censorship") due to his efforts to expose unspecified "mass murderous lethal environmental crimes" – the so-called "Phantom Evil." Because Jackson's claims for relief, if any, against the named defendants are plainly entwined with the existence of this "Phantom Evil," the District Court properly determined that the complaint is fanciful and baseless. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S.

3

25, 33 (1992). Jackson did not amend his complaint to cure this deficiency in pleading despite being afforded an opportunity to do so.[1] On this record, his complaint was properly dismissed for frivolousness.[2]

In sum, this appeal has no arguable basis in law or fact and will be dismissed for that reason under § 1915(e)(2)(B)(i).

----

[1] Jackson's complaint is also legally frivolous insofar he seeks relief under 42 U.S.C. § 1983 for "negligence and malicious disregard of his constitutional rights." Compl. at 1. "To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010), cert. denied, 131 S. Ct. 1798 (2011). Jackson names private individuals and entities as defendants, and there is no alleged state action.

[2] We note the District Court's decision to deny as "moot" Jackson's motion to proceed IFP. It is settled that a district court must use "a two-step analysis in evaluating motions to proceed under § 1915. First, the district court evaluates a litigant's financial status and determines whether [he] is eligible to proceed [IFP] under § 1915(a). Second, the court assesses the complaint under § 1915([e]) to determine whether it is frivolous." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). If the litigant is indigent, IFP status ordinarily should be granted. Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998). As a procedural matter, therefore, the District Court should have addressed Jackson's IFP motion before dismissing the complaint as frivolous, rather than deny the IFP motion as moot after dismissal. This procedural misstep notwithstanding, the District Court was undoubtedly correct in its determination regarding the frivolity of Jackson's complaint.