DLD-231                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4205
_____

GARY R. STILL,
                                        Appellant

v.

ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS;
VA PITTSBURGH HEALTHCARE SYSTEMS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01413)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: July 24, 2012)
_____

OPINION
_____

PER CURIAM

        Gary R. Still appeals from an order of the United States District Court for the

Western District of Pennsylvania that dismissed his complaint.  We will grant Still's

motion to proceed in forma pauperis ("IFP") on appeal, but will summarily affirm the

District Court's judgment.

The first issue we must consider is whether Still is entitled to proceed IFP on appeal. The question turns solely on the issue of whether Still has shown that he is economically eligible. Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998). A person need not be "absolutely destitute" to proceed IFP, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); however, an affiant must show the inability to pay the fees on appeal, see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). Still's affidavit reveals that he and his wife receive disability payments, and that Still receives a small monthly salary from a part-time job. However, it appears that their fixed expenditures come very close to consuming their combined monthly income. Thus, we will grant the motion to proceed IFP.

The next question we consider is whether the appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] or summarily affirmed.[2] Essentially for the reasons stated in the District Court's opinion, we will affirm the District Court's judgment. Still alleged in his original, one-page complaint that the Department of Veteran Affairs ("VA") discriminated against him on the basis of his disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, when it failed to hire him on two occasions. The

---

[1] Pursuant to that statute, we must dismiss an appeal if we find it to be frivolous or if it fails to state a claim upon which relief may be granted.

[2] We may take summary action where an appeal presents "no substantial question." Third Circuit LAR 27.4 and I.O.P. 10.6.

Defendants filed a motion to dismiss, and Still filed, among other things, a motion to amend/correct the complaint. The District Court granted the Defendants' motion to dismiss, and noted that Still's proposed amended complaint did not cure the deficiencies of his original complaint, as he did not: (1) specify what his disability was, (2) state his qualifications for either of the positions for which he applied, (3) "nor point to any circumstances surrounding his non-selection, such as the hiring of a non-disabled applicant, which could raise an inference of discrimination." However, the District Court granted Still leave to file another amended complaint. Still did so, describing his disability,[3] alleging that he was qualified for the positions, and adding a third instance of non-selection, stating that the VA discriminated against him on the basis of retaliation.[4] The Defendants once again filed a motion to dismiss the amended complaint, or, in the alternative, for summary judgment. After Still responded, the District Court granted the Defendants' motion to dismiss, and dismissed Still's complaint with prejudice.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the factual allegations contained in the

---

[3] Still alleges that he is disabled because of his heart disease.

[4] Because we agree with the District Court's conclusion that Still's complaint failed to state a claim upon which relief may be granted, we need not reach the issue of whether the District Court properly considered the unexhausted retaliation claim.

3

complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To establish a prima facie case for relief in an employment discrimination case alleging a failure to hire, an applicant must establish that: (1) he belongs to the protected category; (2) he applied for and was qualified for a position for which the covered employer was seeking applicants; (3) despite his qualifications, he was not hired; and (4) after his rejection, the position remained open, or was filled in a manner giving rise to an inference of discrimination. Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996). As the District Court pointed out, the plaintiff does not need to establish the elements of a prima facie case in his complaint, "but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element(s)." District Court Opinion, docket #21, at 8 (quoting Fowler v. UPMC Shadyside, 758 F.3d 203, 213 (3d Cir. 2009). We agree with the District Court that Still did not meet that requirement.

On the first occasion where Still was not hired, the VA hired two disabled veterans to fill the positions, thus rebutting any allegation that the agency acted in a discriminatory manner. As to the other two occasions, we agree with the District Court that Still failed to show that the VA acted with any discriminatory or retaliatory motivation. As Still has

4

noted throughout his filings, the VA has a clear policy of favoring disabled veterans and other veterans over nonveterans. [5] The record shows that two preference-eligible veterans were hired for the second set of openings, and Still did not include any allegations that would show that he was rejected on the third occasion in retaliation for his discrimination complaints. In short, Still did not include any allegations in his complaint that would "nudge" his employment discrimination claims "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[5] Still has not alleged that the VA's policy of choosing veterans over non-veterans has an effect that discriminates against people with disabilities. Such an argument would be difficult to carry, given the fact that the VA chose disabled veterans to fill the first positions for which Still applied.