**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2310
_____

PAMELA MCDEAVITT; LEO L. MCDEAVITT, JR.,

Appellants

v.

THE HONORABLE MICHAEL MCCARTHY; THE HONORABLE JUDITH
FRIEDMAN; FIFTH JUDICIAL DISTRICT; BENEFICIAL CONSUMER DISCOUNT
CO, DBA Beneficial Mortgage Co of Pennsylvania; ANDREW K. STUTZMAN;
MICHELLE H. BADOLATO; IAN LONG; STRADLEY, RONON, STEVENS AND
YOUNG; KIM HONG; TONY, (Motions Clerk)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00249)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 26, 2019
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: April 9, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pamela McDeavitt and Leo L. McDeavitt, Jr., appeal the District Court's sua sponte dismissal of their case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) because the complaint was frivolous, failed to state a claim, and sought monetary relief against defendants who are immune from such relief. For the following reasons, we will affirm the District Court's judgment.

The McDeavitts brought suit against Judge McCarthy, Judge Friedman, and Tony (a Motions Clerk); the Fifth Judicial District; Stradley, Ronon, Stevens, and Young (a law firm); Andrew Strutzman, Michelle Badolato, Ian Long, and Kim Hong (attorney defendants); and Beneficial Mortgage Company of Pennsylvania (Beneficial). The McDeavitts maintained they had been denied due process and equal access to the court system in a foreclosure case which was taking place in the Court of Common Pleas of Allegheny County. The McDeavitts alleged violations of 42 U.S.C. §§ 1983 and 1985(3), the Fourteenth Amendment's Due Process clause, and state-law claims for fraud, theft, and conversion.

After the District Court granted the McDeavitts' motion to proceed *in forma pauperis* (IFP), the case was referred to a Magistrate Judge, who drafted a Report and Recommendation (R&R) advising that the case be dismissed. The Magistrate Judge reasoned that the Fifth Judicial District, Judge McCarthy, Judge Friedman, and Tony the Motions Clerk could not be sued due to immunity under the Eleventh Amendment. Additionally, to the extent these parties were being sued in their individual capacities,

2

judicial immunity acted as a bar to suit against the judges and quasi-judicial immunity barred a suit against the Motions Clerk.

As to the § 1983 claims against the attorney defendants, the law firm, and Beneficial, the Magistrate Judge determined that none of these parties were state actors, and thus § 1983 was inapplicable. With regard to § 1985(3), the Magistrate Judge found that the McDeavitts had not alleged specific facts that would support a claim for conspiracy. Finally, the Magistrate Judge recommended that the District Court decline to exercise supplemental jurisdiction over the state law claims for fraud, theft, and conversion. The District Court adopted the R&R and dismissed the complaint pursuant to the IFP screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The McDeavitts timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) is de novo.[1] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A District Court may dismiss a complaint sua sponte on the immunity grounds of § 1915(e)(2)(B)(iii) when it is clear on the face of the complaint that a party is immune from suit. See Walker v. Thompson, 288

_____

[1] We understand the District Court's frivolousness determination to be based on its conclusion that the McDeavitts' claims rested on meritless legal theories, not on fanciful factual allegations. See Ball v. Famiglio, 726 F.3d 448, 462 n.18 (3d Cir. 2013) (noting "a district court may base its frivolousness determination either on [1] its conclusion that a claim is based on an indisputably meritless legal theory or [2] on a finding that the complaint's factual allegations . . . are clearly baseless, and that we *suggest* deference only to the latter" (emphasis added) (internal quotations and citations omitted)), partially abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759 (2015).

3

F.3d 1005, 1010 (7th Cir. 2002). When considering whether to dismiss a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). See Allah, 229 F.3d at 223. "[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id.

On appeal, the McDeavitts have failed to make any substantive arguments challenging the District Court's determinations. Instead, the McDeavitts argue the frivolousness standard under § 1915 is "more lenient" than the Rule 12(b)(6) standard, and further maintain that "[s]ince the IFP was granted, [that] means the Complaint was not considered frivolous[.]"[2] Appellants' Br. 2–3. The only argument the McDeavitts advance to support that they have stated a claim is a single sentence asserting "[t]hey alleged facts which must be viewed in the light most favorable to them and they certainly plead enough facts to permit their claim to proceed." Appellants' Br. 3. The McDeavitts do not present arguments contesting the R&R's determination on the applicability of Eleventh Amendment immunity or judicial immunity. They do not address the finding

_____

[2] We note that a District Court's IFP grant does not mean that the court has also determined the underlying complaint is not frivolous; rather, "the general practice in this Circuit is to grant leave to proceed [IFP] based *solely* on a showing of indigence." Gibbs

4

that the parties were not state actors for purposes of § 1983, nor do the point to any facts supporting a conspiracy claim under § 1985(3).  Finally, they do not mention their state law claims.

Consequently, the McDeavitts have effectively waived any challenge to the District Court's rulings on these matters.[3]  See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court." (internal quotation marks omitted)); see also Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) ("[W]e have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing.").

Even if we declined to enforce this waiver, we would—for the reasons mentioned above and thoroughly discussed in the R&R—find no error in the District Court's dismissal pursuant to § 1915(e)(2)(B)(i)–(iii).  In addition, we are satisfied that any amendment of the McDeavitts' complaint would be futile.  See Grayson v. Mayview

---

v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998) (emphasis added).

[3] While we are mindful of the McDeavitts' pro se status, and although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals.  See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998).

State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). For the foregoing reasons, we will affirm the District Court's judgment.