

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-1997

# Gibbs v. Roman

Precedential or Non-Precedential:

Docket 96-3534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

## Recommended Citation

"Gibbs v. Roman" (1997). *1997 Decisions.* Paper 122.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/122

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 6, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3534

HENRY GIBBS, JR.,

<u>Appellant</u>

v.

MS. MARCIA ROMAN, SCI SOMERSET LIBRARIAN

UNITED STATES OF AMERICA, INTERVENOR*

(* Per Court order of 4/17/97)

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 96-cv-00112J)

Argued May 1, 1997

BEFORE: MANSMANN, McKEE and GARTH, <u>Circuit Judges</u>

(Opinion filed June 6, 1997)

Nancy Winkelman (Argued)
Joseph Lukens
Dee Dee Rutkowski
Schnader Harrison Segal & Lewis
1600 Market Street
Suite 3600
Philadelphia, PA 19103

Attorneys for Appellant

D. Michael Fisher
Attorney General
Amy Zapp
Senior Deputy Attorney General
John G. Knorr, III (argued)
Chief Deputy Attorney General
Chief, Litigation Section
Office of the Attorney General
of Pennsylvania
Department of Justice
Strawberry Square
15th Floor
Harrisburg, PA 17120

John P. Hoyle
U.S. Department of Justice
Civil Division, Appellate Staff
10th and Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Attorneys for Appellee

**OPINION OF THE COURT**

GARTH, <u>Circuit Judge</u>:

Appellant Henry Gibbs appeals from the final order of the district court dismissing his §1983 suit under the "three strikes rule" of the Prison Litigation Reform Act, 28 U.S.C. §1915(g).1 We will vacate the district court's order and remand for further proceedings.

_____

1. 18 U.S.C. §1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment

2

## I.

Appellant Henry Gibbs, a prisoner who filed his complaint pro-se but is presently represented by counsel, brings this §1983 action against Marcia Roman, the librarian at SCI-Somerset. Gibbs was formerly incarcerated at SCI-Somerset. Gibbs alleges that defendant Roman violated his constitutional rights when, in November 1995, she permitted an inmate-law clerk to read Gibbs' legal papers, reflecting information that he had been a government informant. This allegedly resulted in threats against Gibbs' life and physical attacks against him by other inmates.2

On August 27, 1996, after entertaining Gibbs' Motion to Proceed In Forma Pauperis ("i.f.p."), the district court adopted the Report and Recommendation of the Magistrate Judge, and dismissed Gibbs' complaint under 28 U.S.C. §1915(g).3 The court found that Gibbs did not qualify for

_____

if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2. More specifically, while Gibbs was "in the hole", he sent legal papers to librarian Roman to get them photocopied, with knowledge that they would be handled by inmate-law clerks. The content of the papers revealed that Gibbs had been a government informant. After reading the papers, the inmate-law clerk who was making the photocopies for Gibbs, allegedly confronted Gibbs, called him a "snitch", threatened to kill him, and told other inmates that he was an informant, resulting in two alleged physical attacks against Gibbs.

Six months after these attacks, in May 1996, Gibbsfiled this §1983 action against the librarian, alleging deliberate indifference to his safety, health and serious medical need; mental stress, conspiracy and retaliation. Gibbs sought compensatory damages in the amount of $80,000, and punitive damages in excess of $80,000.

In November 1996, Gibbs was transferred from SCI-Somerset to SCI-Graterford.

3. In his Report and Recommendation, the Magistrate Judge recommended that Gibbs' i.f.p. motion be denied without prejudice to

3

i.f.p. status since he had previously filed three frivolous lawsuits and was not in "imminent danger of serious physical injury". 28 U.S.C. §1915(g). Gibbs then filed the instant appeal.

The district court had subject matter jurisdiction over this §1983 matter pursuant to 28 U.S.C. §1331. We have appellate jurisdiction pursuant to 28 U.S.C. §1291. Our review is plenary.

## II.

The primary question that we must answer in this appeal is whether Gibbs' i.f.p. petition meets the criterion of §1915(g) which provides an exception to the "three strikes" rule for inmates who are in "imminent danger of serious physical injury".[4]

Gibbs' complaint charged that on December 4th and 10th 1995, among other things,

 1. Inmate Holmes threatened to kill Plaintiff because of the letter from U.S. Attorney [name deleted], that revealed that Plaintiff was a government witness...

\* \* \* \*

 4. Plaintiff states as a fact that, on two seperate [sic] occasions, Plaintiff was physically attacked by several inmates, because of the exposure that Plaintiff was a government witness...

_____

Gibbs submitting the full filing fee within 20 days. The district court, however, after entertaining Gibbs' objections and adopting the Report and Recommendation, ordered that the entire case should be dismissed, and did not indicate whether the dismissal was "with prejudice" or "without prejudice". We therefore interpret the dismissal to be "with prejudice", since the district court did not indicate to the contrary.

4. Gibbs raised various constitutional challenges to the Prison Litigation Reform Act which Roman responded to in her papers. Gibbs argued that the Act violates due process by being impermissibly retroactive, since it treats pre-enactment lawsuits as "strikes"; that the statute violates the constitutional rights of indigent prisoners by restricting their access to court; and that the statute violates 5th amendment equal protection by being both over-broad and under-inclusive. We decline to reach these constitutional challenges at this time. See infra Part IV.

4

5. Plaintiff alleges that, due to this life threatening situation, Plaintiff has suffered further mental stress...

5. [sic] Plaintiff alleges that ...Plaintiff 's life is in constant danger because of Defendants [sic] delibrate [sic] indifference to Plaintiff 's safety.

In dismissing Gibbs' case, the district court found that although Gibbs had made vague allegations that his"life is in constant danger" as a result of one inmate calling him a "snitch" and threatening his life, and other inmates attacking him, Gibbs had failed to demonstrate imminent harm, and therefore did not fall within the statutory exception.

On appeal, Gibbs argues that his contention that he was physically attacked on at least two occasions satisfies the "imminent danger" exception to the statute. He further argues that, when considering an i.f.p. application, a court must construe all factual allegations in favor of the petitioner, citing Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In response, defendant Roman argues that Gibbs' life was not in danger at the time he filed his complaint, since he waited six months to file suit and did not produce any evidence of actual danger. Roman further argues that, by filing a suit for damages rather than injunctive relief, Gibbs was not seeking to protect his physical safety. Therefore she claims that allowing Gibbs' suit to go forward (i.e. by finding that he falls within the statutory exception) would not serve to remedy the alleged dangerous situation, which is the goal of the exception. Finally, Roman argues that, even if Gibbs had been in danger when he filed the suit, he has since been transferred to another prison, and therefore need no longer fear assaults.5

The amicus brief filed by United States argues that we should remand this case to the district court for further fact-finding on the issue of imminent danger. The United

---

5. Roman also notes that, although Gibbs only had $4.43 in his prison account at the time of filing suit, Gibbs, in the twelve months preceding the filing of his complaint, had a total of $497 that passed in and out of his account.

States contends that the district court dismissed Gibbs' claim of danger "without substantive discussion", and that further probing of the issue is necessary in order to determine whether Gibbs falls within the "imminent danger" exception. The United States argues that, although Gibbs' allegations of danger were vague, "his allegations are sufficient to require further inquiry". The amicus brief also recommends that the district court explore the impact of Gibbs' subsequent transfer to another prison, and whether the transfer served to alleviate any "imminent danger".

## III.

Upon review, we hold that the district court erred in discrediting Gibbs' allegations of imminent danger when it summarily dismissed his complaint under the "three strikes" rule. Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).[6] In this case, Gibbs' claims of danger as stated in his complaint were rejected on their face by both the Magistrate Judge and the district court. Neither reviewed the complaint in light of our standard which requires that credit be given to all allegations in the complaint. No challenge to the allegations was made by defendant Roman (understandably, because the complaint had yet to be served upon her).

Gibbs' complaint clearly set out: (1) allegations of past attacks by other inmates; (2) allegations of death threats made by other inmates -- thereby substantiating a claim of imminent danger of serious physical harm; (3) a claim for damages stemming directly from the physical harm posed to him by other inmates as an alleged result of Roman's actions. Gibbs' complaint therefore provided allegations of imminent danger experienced at the time the alleged

_____

6. We also note that pro se complaints are held to less stringent pleading requirements. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972). In the instant case, although Gibbs had an attorney on appeal, Gibbs filed his initial complaint pro se.

incidents took place (December 1995), sufficient to survive the "three strikes" rule. By failing to consider the allegations of imminent danger, the district court ignored both the dictates of 1915(g) and, more particularly, the standard of giving credit to the allegations of the complainant as they appeared in the complaint.

We hold, therefore, that a complaint alleging imminent danger -- even if brought after the prior dismissal of three frivolous complaints -- must be credited as having satisfied the threshold criterion of §1915(g) unless the"imminent danger" element is challenged. If the defendant, after service, challenges the allegations of imminent danger (as Roman has done here on appeal), the district court must then determine whether the plaintiff 's allegation of imminent danger is credible, as of the time the alleged incident occurred, in order for the plaintiff to proceed on the merits i.f.p. Of course, if the defendant disproves the charge that the plaintiff was placed in imminent danger at the time of the incident alleged, then the threshold criterion of §1915(g) will not have been satisfied and the plaintiff may not proceed absent the payment of the requisitefiling fee. We emphasize that the proper focus when examining an inmate's complaint filed pursuant to §1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time the complaint was filed.

In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing.[7]

_____

7. After the threshold issue of imminent danger is resolved as noted in text, the focus of the litigation may generally shift to other issues. Satisfaction of the "imminent danger" element does no more than permit the complainant to proceed with his or her cause of action without payment of the filing fee. Once the fee barrier has been overcome, the merits of the cause of action itself are then available for consideration and decision.

For example, if the substance of the complaint deals with claims unrelated to the issue of imminent danger (such as allegations of inadequate prison conditions or discrimination or violation of religious

7

Thus, on remand, if the district court determines that Gibbs, indeed, was in imminent danger of bodily harm in December 1995 when the alleged incidents occurred, he should be granted i.f.p. status and his complaint should be allowed to go forward on the merits. If, on the other hand, the district court determines that at the time the "imminent danger" incidents occurred, Gibbs' allegations of imminent danger did not satisfy the §1915(g) standard, then at that time, Gibbs' i.f.p. petition can properly be dismissed under §1915(g), and Gibbs will be able to proceed only if he pays the required filing fee.

**IV.**

The constitutional issues advanced by Gibbs which we have declined to reach here, see note 4 supra, can properly be raised in the district court in the first instance. Since Gibbs failed to raise these issues before the district court in the instant case, we expressly decline to address or decide them here even though they have been briefed before us.

Accordingly, we will vacate the district court's order and remand for proceedings consistent with the foregoing opinion.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

_____

practices) and the claim of imminent danger stemmed from retaliation for the filing of the complaint, once the §1915(g) threshold has been met, the "imminent danger" issue may be totally irrelevant to the adjudication of the merits of the alleged constitutional violations. This is so, even though in the present case, the alleged assaults are a factor in Gibbs' merits complaint.