Shalnessa E. GOODE, Plaintiff,

v.

CORRECTIONAL MEDICAL SERVICES, INC., Jacqueline A. Nixon, Barbara Lewallen, Stanley Taylor, Jr., Paul Howard, Patrick Ryan and M. Jane Brady, Defendants.

No. 00–1007.

United States District Court,
D. Delaware.

Oct. 17, 2001.

**290**

Shalnessa E. Goode, New Castle, DE, pro se.

Kevin J. Connors, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE, for Correctional Medical Services, Inc., Jacqueline A. Nixon and Barbara LeWallen.

Gregory E. Smith, Department of Justice, Wilmington, DE, for Stanley Taylor, Jr., Paul Howard, Patrick Ryan and Jane Brady.

### MEMORANDUM ORDER

ROBINSON, District Judge.

### I.  INTRODUCTION

On November 6, 2000, plaintiff Shalnessa Goode filed this action under 42 U.S.C. § 1983 against Correctional Medical Services, Inc., Jacqueline A. Nixon and Barbara LeWallen (collectively, the "Medical Defendants"), Department of Correction Commissioner Stanley Taylor, Bureau Chief of Prisons Paul Howard, Warden Patrick Ryan and Attorney General M. Jane Brady (collectively, the "State Defendants").  (D.I.11, 21) Plaintiff alleges that she was sexually assaulted by Nixon and LeWallen, employees of Correctional Med-

ical Services, Inc. ("CMS"), in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States. (*Id.*)

Currently before the court is the State Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. (D.I.11) Also before the court is the Medical Defendants' motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. (D.I.21) For the following reasons, the court shall grant the State Defendants' motion and grant in part and deny in part the Medical Defendants' motion.

## II. BACKGROUND

Sometime before November 6, 2000, plaintiff, a pregnant inmate at Baylor Women's Correctional Facility, began to have contractions and was called to the prison medical facility for an exam. (D.I.2) Plaintiff claims that LeWallen and Nixon, nurses at the medical facility, sexually assaulted her by conducting an internal exam of plaintiff without gloves, asking if plaintiff was HIV positive, giving plaintiff hugs and kisses, and giving plaintiff one of their home phone numbers.[1] (*Id.*) Plaintiff claims that the nurses did not have a license to conduct the internal exam and caused her light bleeding.[2] (*Id.*)

Plaintiff also claims that she submitted a grievance form over the incident and, when she did not receive a response to her complaint, she wrote letters to the warden, deputy warden and the "Criminal Center for Justice." (*Id.*) The record does not indicate when plaintiff submitted a grievance form.

## III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dep't.*, 91 F.3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

---

1. The complaint states:

   She told me to undress, then sexually assaulted me with no gloves on her hands Asked me was I HIV positive, gave me hugs and kisses numerous of times in my face and by my lips then gave me her home telephone number, which I showed an officer on Duty and a inmate here. Jackie [Nixon] proceeded to get the speculum so that Barbara [LeWallen] could do an internal exam that also happened when she was not licensed to do an internal check. She caused me to have light bleeding after the exam.
   (D.I.2)

2. Plaintiff contends that the incident caused her blood pressure to rise and that, in turn, caused her to go into labor four weeks early. (D.I.24)

## IV. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

■ The Medical Defendants argue that plaintiff did not exhaust her administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3] Before filing a civil action on an excessive force claim, a plaintiff-inmate must exhaust her administrative remedies, even if the ultimate relief sought is not available through the administrative process. *See Booth v. Churner,* 206 F.3d 289, 300 (3d Cir.2000), *cert. granted,* 531 U.S. 956, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000), *aff'd,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See also Ahmed v. Sromovski,* 103 F. Supp.2d 838, 843 (E.D.Pa.2000) quoting *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (stating that Section 1997e(a) "specifically mandates that inmate-plaintiffs exhaust their available administrative remedies"). The courts are split, however, on whether assault and excessive force constitute "prison conditions" for purposes of exhaustion under 42 U.S.C. § 1997e(a). *See, e.g., Booth,* 206 F.3d at 293–99; *contra Nussle v. Willette,* 224 F.3d 95, 106 (2d Cir.2000), *cert. granted, Porter v. Nussle,* —— U.S. ——, 121 S.Ct. 2213, 150 L.Ed.2d 207 (June 4, 2001) (00–853).

■ In the case at bar, the record indicates that plaintiff filed a grievance form over the alleged incident and the prison failed to respond to plaintiff's grievance form. Thus, the court finds that plaintiff has exhausted her administrative remedies. The Medical Defendants' motion to dismiss for failure to exhaust administrative remedies is denied.

### B. Liability of the State Defendants and CMS

■ At the outset, the court notes that the Eleventh Amendment bars suit against the State Defendants in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

■ As to the liability of the State Defendants in their individual capacities and CMS, it is an established principle that, as a basis for liability under 42 U.S.C. § 1983, the doctrine of respondeat superior is not acceptable. *See Monell v. Dep't. of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976); *Swan v. Daniels,* 923 F.Supp. 626, 633 (D.Del.1995) (applying principle to liability of private corporations that provide medical services for State); *Heine v. Receiving Area Pers.,* 711 F.Supp. 178, 185 (D.Del.1989). Personal involvement by a defendant is essential in a civil rights action. *See Rode,* 845 F.2d at 1207. "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement. *Id.* Such allegations are required to be "made with appropriate particularity." *Id.* Plaintiff's complaint states no facts to suggest any personal involvement in, or knowledge

---

**3.** The PLRA provides, in pertinent part:
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
42 U.S.C. § 1997e(a).

of, the alleged incident by the State Defendants or CMS. Thus, the State Defendants and CMS are dismissed as defendants in this action.

### C. Failure to State an Eighth Amendment Violation by Defendants Nixon and LeWallen

 To constitute a violation of the Eighth Amendment, an inmate's claim of sexual assault must satisfy the two-pronged deliberate indifference standard. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Carrigan v. Davis*, 70 F.Supp.2d 448, 452 (D.Del.1999). First, the prison official's conduct must be objectively serious or must have caused an objectively serious injury to the inmate. In other words, the official's conduct must be incompatible with "contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). Second, the prison official must have acted with deliberate indifference or reckless disregard toward the plaintiff's constitutional rights, health or safety. This second requirement is established by showing that the prison official acted with a "sufficiently culpable state of mind." *See Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. *See also Carrigan*, 70 F.Supp.2d at 454 (stating that prison official's conduct itself may be evidence of culpable state of mind where conduct "serves no legitimate law enforcement or penalogical purpose").

Plaintiff's allegations of assault during an obstetric medical exam are sufficient to state an Eighth Amendment claim. The Medical Defendants' motion to dismiss for failure to state a claim is denied as to defendants Nixon and LeWallen.

## V. CONCLUSION

Therefore, at Wilmington, this 17th day of October, 2001;

IT IS ORDERED that:

1. The State Defendants' motion to dismiss (D.I.11) is granted.

2. The Medical Defendants' motion to dismiss (D.I.21) is granted as to defendant CMS and denied as to defendants Nixon and LeWallen.

3. All motions to join other parties and amend the pleadings shall be filed on or before **December 17, 2001.**

4. All discovery shall be completed on or before **January 17, 2002.**

5. All dispositive motions shall be filed on or before **February 18, 2002.** Responses shall be filed on or before **March 4, 2002.** Reply briefs may be filed on or before **March 18, 2002.**