Eric AMARO, Plaintiff,

v.

Stanley TAYLOR, Raphael Williams, M. Jane Brady, C/O Mason, C/O Harriford, Sgt. Sheets, Sgt. Senato, Lt. Taylor, Lt. Polk and Qrt Members 4–12 Shift, Defendants

No. 00–741–SLR.

United States District Court, D. Delaware.

Oct. 25, 2001.

Nancy Eileen Whinnery, West Chester, PA, for plaintiff.

Gregory E. Smith, Department of Justice, Wilmington, DE, for defendants.

## MEMORANDUM ORDER

ROBINSON, District Judge.

## I. INTRODUCTION

On July 17, 2001, plaintiff Eric Amaro filed this civil rights action pursuant to 42 U.S.C. § 1983 against Department of Correction Commissioner Stanley Taylor, Warden Raphael Williams, Delaware Attorney General M. Jane Brady, Correctional Officer Mason, Correctional Officer Harriford, Sgt. Sheets, Sgt. Senato, Lt. Taylor, Lt. Polk and the Quick Response Team members of the 4–12 shift. (D.I.2) Plaintiff claims that defendants violated his Eighth Amendment right against cruel and unusual punishment, and are liable for assault and battery stemming from an unwarranted beating that occurred on May 12, 2000. (*Id.*) Plaintiff is seeking compensatory and punitive damages in addition to a temporary restraining order to stop alleged abuse in retaliation for filing the complaint.[1] (*Id.*) Plaintiff is also requesting a federal government investigation into these matters. (*Id.*)

Currently before the court is defendants' motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted. (D.I.47) For the following reasons, defendants' motion is granted in part and denied in part.

## II. BACKGROUND

On May 12, 2000, as plaintiff showered, a code was called over the intercom requiring a correctional officer from the 2C Pod to respond. (D.I.2) A lock-in order was given by defendant C/O Mason for the inmates housed in the 2C and 2D Pods, including plaintiff, to return to their cells. (*Id.*) Plaintiff alleges that he was unaware of the lock-in order until he exited the shower. (*Id.*) Plaintiff claims he tried unsuccessfully to enter his locked cell, after which he attempted to get C/O Mason's attention. (*Id.*) C/O Mason did not unlock the door and, according to plaintiff, became "distraught" with him. (*Id.*) C/O Mason then called a Code–6 ("refusal to lock-in"), summoning a Quick Response Team ("QRT") to plaintiff's cell. (*Id.*)

The floor lieutenant and a member of the QRT responded to the Code–6. (*Id.*) After plaintiff explained he could not respond because he was showering, the lieutenant let him into his cell. (*Id.*) A few minutes later, the floor lieutenant, defendant Sgt. Sheets and a QRT member re-entered the pod and began yelling about the person who refused to lock-in. (*Id.*) When they reached plaintiff's cell, Sgt. Sheets opened the door and asked who refused to lock in. (*Id.*) As plaintiff gave his explanation, Sgt. Sheets ordered the QRT to take plaintiff out of the cell. (*Id.*) As plaintiff allegedly took too long to exit, Sgt. Sheets ordered the QRT to "take [him] down." (*Id.*) As the six members of the QRT threw plaintiff to the floor, he fell on his shoulder and one side of his face. (*Id.*)

Plaintiff asserts that after the QRT shackled his hands and legs, they "repeatedly punched and kicked" him. (*Id.*) On the command of Sgt. Sheets and the floor lieutenant, the QRT raised plaintiff off the floor and escorted him down the hall. (*Id.*) During this time, plaintiff claims that C/O Harriford held a shield in

---

1. After plaintiff filed the complaint, he began sending letters to the court describing incidents of alleged retaliation against him for filing the lawsuit and complaining about the prison guards. (D.I.15, 17, 20, 28, 37, 38, 40) Plaintiff has cited receiving warnings about the "blue wall of silence," threats against his family, being transferred to another facility, being placed in super maximum security with no disciplinary hearing, being locked in a cell for 47 hours and having all his legal papers disappear. (D.I.15, 17, 20, 37)

front of plaintiff and periodically rammed it into plaintiff's face until they reached the infirmary. (*Id.*) The nurse who examined plaintiff found bleeding in his mouth and lacerations on his shoulder and face. (*Id.*)

Although plaintiff complained of a possible broken nose, defendant Lt. Taylor ordered the QRT to take plaintiff from the infirmary. (*Id.*) Plaintiff alleges that he was struck again in the face with the shield and in the neck and stomach with a baton. (*Id.*) According to plaintiff's complaint, a member of the QRT said, "this one likes to talk," and struck plaintiff in the stomach with a baton. (*Id.*)

Upon entering 1F Pod, plaintiff alleges that he was slammed into a wall and one of his teeth was knocked out. (*Id.*) He was then placed in Cell 18, where he remained unclothed for several hours. (*Id.*) Plaintiff was kept in Cell 18 for ten days during which he claims Sgt. Senato subjected him to physical and mental abuse, including refusing him food. (*Id.*)

At a May 30, 2000 hearing, plaintiff was found not guilty of all disciplinary charges brought against him related to the May 12, 2000 incident. (*Id.*) Plaintiff alleges, in letters sent to the court, that the abuse and use of excessive force has not ended. (D.I.15, 17, 20, 28, 37, 38, 40) Plaintiff claims that he "filed a grievance citing all that happened to me," and has not received a response.[2] (D.I.2)

## III.  STANDARD OF REVIEW

■ In analyzing a motion to dismiss pursuant to Federal Rule of Civil Proce-

dure 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir.1997); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 456 (3d Cir.1996). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

## IV.  DISCUSSION

### A.  Failure to Exhaust Administrative Remedies

■ Defendants argue that plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3] Before

---

**2.** Plaintiff appended to his answer brief two Grievance Forms that he allegedly filed in response to the May 12, 2000 incident. (D.I.54, Exs.B, C) Defendants submitted an affidavit by Sergeant Mary Moody, who claims that, although plaintiff filed a successful grievance on May 9, 2000, there is no evidence on file that plaintiff submitted a

grievance over the May 12, 2000 incident. (D.I.48, Ex. A)

**3.** The PLRA provides, in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

filing a civil action on an excessive force claim, a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative process. *See Booth v. Churner*, 206 F.3d 289, 300 (3d Cir.2000), *cert. granted*, 531 U.S. 956, 121 S.Ct. 377, 148 L.Ed.2d 291 (2000), *aff'd*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). *See also Ahmed v. Sromovski*, 103 F. Supp .2d 838, 843 (E.D.Pa.2000) (quoting *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000)) (stating that Section 1997e(a) "specifically mandates that inmate-plaintiffs exhaust their available administrative remedies"). An inmate has exhausted his available administrative remedies when he has filed a grievance to which prison officials fail to respond. *See, e.g., Gregory v. PHS, Inc.*, No. 00–467–SLR, 2001 WL 1182779, at *3 (D.Del. Sept.21, 2001). The courts are split, however, on whether assault and excessive force constitute "prison conditions" for purposes of exhaustion under 42 U.S.C. § 1997e(a). *See, e.g., Booth*, 206 F.3d at 293–99; *contra Nussle v. Willette*, 224 F.3d 95, 106 (2d Cir.2000), *cert. granted*, *Porter v. Nussle*, —— U.S. ——, 121 S.Ct. 2213, 150 L.Ed.2d 207 (00–853).

■ In the case at bar, the record indicates that plaintiff filed a grievance form over the alleged incident and that prison officials failed to respond to plaintiff's grievance form. Thus, the court finds that plaintiff has exhausted his administrative remedies.

**B. Liability of Defendants Stanley Taylor, Raphael Williams and M. Jane Brady**

■ . At the outset, the court notes that the Eleventh Amendment bars suit against defendants in their official capacities. *See*

correctional facility until such administrative remedies as are available are exhausted.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent, a suit [in federal court] in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

■ As to the liability of defendants Taylor, Williams and Brady in their individual capacities, it is an established principle that, as a basis for liability under 42 U.S.C. § 1983, the doctrine of respondeat superior is not acceptable. *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976); *Heine v. Receiving Area Pers.*, 711 F.Supp. 178, 185 (D.Del.1989). Personal involvement by a defendant is essential in a civil rights action. *See Rode*, 845 F.2d at 1207. "Allegations of personal direction or of actual knowledge and acquiescence" are adequate to demonstrate personal involvement. *Id.* Such allegations are required to be "made with appropriate particularity." *Id.* Plaintiff's complaint states no facts to suggest any personal involvement in, or knowledge of, the alleged incident by defendants Taylor, Williams or Brady. Thus, defendants Taylor, Williams and Brady are dismissed as defendants in this action.

**C. Remaining Defendants' Defense of Qualified Immunity**

■ Defendants contend that they cannot be held liable in their individual capacities under the doctrine of qualified immunity. Government officials performing discretionary functions are immune

42 U.S.C. § 1997e(a).

from liability for civil damages, provided that their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Sharrar v. Felsing,* 128 F.3d 810, 826 (3d Cir.1997) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). A right is "clearly established" when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *accord In re City of Philadelphia Litig.,* 49 F.3d 945, 961 (3d Cir.1995).

■ In analyzing a qualified immunity defense, the court must first ascertain "whether plaintiff has [alleged] a violation of a constitutional right at all." *Larsen v. Senate of the Com. of Pa.,* 154 F.3d 82, 86 (3d Cir.1998). Next, the court must inquire whether the right was " 'clearly established' at the time the defendants acted." *In re City of Philadelphia Litig.,* 49 F.3d at 961 (quoting *Acierno v. Cloutier,* 40 F.3d 597, 606 (3d Cir.1994)). Finally, the court must determine whether " 'a reasonable person in the official's position would have known that his conduct would violate that right.' " *Open Inns, Ltd. v. Chester County Sheriff's Dep't,* 24 F.Supp.2d 410, 419 (E.D.Pa.1998) (quoting *Wilkinson v. Bensalem Township,* 822 F.Supp. 1154, 1157 (E.D.Pa.1993) (citations omitted)). If on an objective basis " 'it is obvious that no reasonably competent officer would have concluded that [the actions were lawful],' " defendants are not immune

from suit; however, " 'if officers of reasonable competence could disagree on this issue, immunity should be recognized.' " *In re City of Philadelphia Litig.,* 49 F.3d at 961–62 (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

■ In the case at bar, the court has determined that plaintiff has alleged facts sufficient to state a claim for an Eighth Amendment violation. Also, at the time of the events at issue, plaintiff's Eighth Amendment right against excessive force was clearly established. Because the court finds that no reasonably competent officer would conclude that the remaining defendants' actions were consistent with governing legal principles, they are not entitled to qualified immunity. Thus, defendants' motion to dismiss is denied as to defendants C/O Mason, C/O Harriford, Sgt. Sheets, Sgt. Senato, Lt. Taylor, Lt. Polk and the Quick Response Team members of the 4–12 shift in their individual capacities.[4]

## V. CONCLUSION

Therefore, at Wilmington, this 25th day of October, 2001;

IT IS ORDERED that:

1. Defendant's motion to dismiss (D.I.47) is:

a. granted with respect to defendants Stanley Taylor, Raphael Williams and M. Jane Brady; and

b. granted with respect to the remaining defendants in their official capacities

---

4. Defendants also contend that they are immune from personal liability under the State Tort Claims Act. *See* 10 Del. C. § 4001; *see also Smith v. New Castle County Vocational Sch. Dist.,* 574 F.Supp. 813 (D.Del.1983). Section 4011(c) extends immunity from liability to employees. *See* 10 Del. C. § 4011(c). However, "[a]n employee may be personally liable for acts or omissions causing ... bodily injury ... for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent." *Id.* The court finds that defendants are not entitled to immunity under the State Tort Claims Act.

and denied with respect to the remaining defendants in their individual capacities.

2. Plaintiff's motion for a preliminary injunction (D.I.40) is denied.

3. All motions to join other parties and amend the pleadings shall be filed on or before **December 21, 2001.**

4. All discovery shall be completed on or before **January 21, 2002.**

5. All dispositive motions shall be filed on or before **February 21, 2002.** Responses shall be filed on or before **March 7, 2002.** Reply briefs may be filed on or before **March 21, 2002.**