In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2353

COREY A. TAYLOR,

*Plaintiff-Appellant*,

*v.*

JAMES B. WATKINS, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 10-4-GPM—**G. Patrick Murphy**, *Judge.*

SUBMITTED AUGUST 11, 2010—DECIDED OCTOBER 14, 2010

Before KANNE, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Corey A. Taylor, an Illinois prisoner, filed suit under 42 U.S.C. § 1983 against several officers and employees of the Illinois Department of Corrections, alleging that they violated his civil rights by contaminating his food, tampering with his mail, depriving him of sleep, and assaulting him. He then requested leave to proceed in forma pauperis ("IFP"), so that he would not be required to pay the filing fee for

a civil action. But Taylor has previously incurred three "strikes," meaning that at least three actions he has brought as an inmate seeking redress from a governmental entity or an officer or employee of a governmental entity have been dismissed as frivolous or malicious, or for failing to state a claim on which relief may be granted. See 28 U.S.C. § 1915A. Taylor therefore could not proceed IFP in federal court on a civil action unless he was in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Taylor asserted that he *was* in imminent danger because the defendant officers who allegedly assaulted him continued to work in his housing unit. The defendants then challenged Taylor's assertions. Following an evidentiary hearing, the district court concluded that Taylor had not shown that he was in imminent danger and denied the request to proceed IFP. After Taylor failed to pay the necessary filing fee, the district court dismissed the case.

Taylor appeals and now asks for leave to proceed IFP in this court. He maintains that the district court should have restricted its imminent-danger inquiry to his allegations, and that the court erred by holding a hearing after the defendants contested those allegations. We disagree, and so we join the district court in denying Taylor's request to proceed IFP on appeal.

The district court, relying on *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds, *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc), drew a distinction between unchallenged and challenged allega-

tions of imminent danger. Unchallenged allegations must be accepted as true, the district court concluded, but challenged allegations must be examined to determine whether they are credible. In *Gibbs* the Third Circuit held that a complaint alleging imminent danger "must be credited as having satisfied the threshold criterion of § 1915(g) unless the 'imminent danger' element is challenged." 116 F.3d at 86. If a defendant contests a plaintiff's imminent-danger allegations, *Gibbs* explained, the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing. *Id.* at 86-87. Here the defendants challenged Taylor's allegations. The district court followed *Gibbs*, held a hearing, and found that Taylor's allegations of imminent danger were not supported by evidence.

Taylor argues that the district court's decision to conduct a hearing runs contrary to the teaching of *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003). Contrary to Taylor's contention, *Ciarpaglini* did not decide that a district court may never look beyond the allegations in a complaint to determine whether a three-strikes plaintiff has met section 1915(g)'s imminent-danger exception. In *Ciarpaglini* we explained that a court evaluating an IFP request "must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger," and we warned that section 1915(g) "is not a vehicle for determining the merits of a claim." *Id.* at 330-31. But in that case the defendants did not *deny* the plaintiff's allegations that prison doctors had discontinued a particular course of psychiatric treatment. Instead, the defendants argued that the allegations were

not sufficiently *serious* to meet the imminent-danger exception, and the district court had agreed. *Id.* at 331. We rejected the argument that section 1915(g) requires an inquiry into the seriousness of imminent-danger allegations, observing that such a requirement "would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." *Id.*

Under *Ciarpaglini*, a court considering a motion to proceed IFP should not attempt to evaluate the seriousness of a plaintiff's claims. But it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger. Courts routinely deny IFP requests where the imminent-danger allegations are "conclusory or ridiculous," or where they concern only past injuries. *Id.* at 330-31. In the same vein, we agree with the district court in this case and the Third Circuit in *Gibbs* that when a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict. A contrary conclusion would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof that rebutted those allegations. Such a rule would allow easy evasion of the three-strikes rule. We also agree that a hearing is one proper way to resolve the issue, though we caution courts to be conscious of such a hearing's proper scope. As a general rule, we would expect that an IFP determination should not evolve into a full-scale merits review, though in many cases, including this one,

the allegations of imminent danger are linked to the allegations underlying the suit.

Taylor's request to proceed IFP on appeal is DENIED. He shall pay the required docketing fee within 14 days, or else this appeal will be dismissed for failure to prosecute pursuant to Circuit Rule 3(b). See *Nelwin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997).