**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4764
_____

ALTON D. BROWN,
                    Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DAVID
DIGUGLIELMO; DORINA VARNER; WILLIAM BANTA; FELIPE ARIAS; PRISON
HEALTH SERVICES, INC.; SCOTT WILLIAMSON; JOHN K. MURRAY; GEORGE
HILTNER; JULIE KNAVER; JOHN DAY; D. WHITE; PHYSICIAN ASSISTANT
JOHN DOE; PHYSICAL ASSISTANT JANE DOE; MYRON STANISHEFSKI

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-01398 )
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2012
Before:  CHAGARES, VANASKIE and BARRY, Circuit Judges

(Opinion filed: July 2, 2012)

_____

OPINION
_____

PER CURIAM

    Pro se appellant, Alton Brown, appeals from the order of the United States District

Court for the Western District of Pennsylvania denying his motion for leave to proceed in forma pauperis ("IFP"). For the reasons that follow, we will vacate the District Court's judgment and remand this matter for further proceedings.

## I.

Brown is a Pennsylvania prisoner with "three strikes" under the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(g). Accordingly, he may not proceed with a civil action or appeal without pre-paying the filing fee unless he "is under imminent danger of serious physical injury." Id. The danger must be imminent at the time the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

Brown filed the IFP motion at issue here along with a complaint in the District Court. Brown's complaint was filed under 42 U.S.C. § 1983, and named as defendants various members of the Pennsylvania Department of Corrections as well as the institution's health care provider and certain medical personnel. Brown alleges in his complaint that defendants violated his First, Eighth and Fourteenth Amendment rights by subjecting him to cruel and unusual conditions of confinement, acts of retaliation and the denial of medical care. In particular and as relevant here, Brown alleges that the Restrictive Housing Unit ("RHU"), where he has been confined since January 2006, has no open windows, no air conditioning, and a ventilation system that is faulty and dirty. Brown further states that approximately twenty cells on J-Block in the RHU have been renovated by the maintenance department in such a way that the cell fronts have been

2

closed off by Plexiglas or sheets of metal. According to Brown, a closed cell front results in temperatures 30 degrees hotter than elsewhere in the prison during the summer months and prevents any heat from entering the cell in the winter. Additionally, because the ventilation system in the RHU is not designed to operate with closed cell fronts, Brown asserts that the RHU is constantly polluted with a fine white dust from the air-conditioning ducts which do nothing other than re-circulate warm and dirty air. Brown alleges that the RHU air is further polluted by the guards' tobacco smoke.

Brown states that he has spent approximately half of his stay in the RHU housed in one of the closed cells. He claims that his conditions of confinement have gotten so bad that he can "barely breath and it feels as if he's suffocating." See Compl. at 5 ¶ 38. Brown alleges that his "lungs are painful at times and tight, he is constantly coughing up mucous that is sometimes speckled with blood and other unknown matter, he has severe headaches, watery eyes, and a change in his voice." See id. at ¶ 40. Finally, Brown contends that continually breathing in large amounts of dirt, dust and smoke has resulted in asthma-like symptoms, including clogged sinuses and wheezing sounds in his lungs. Brown claims that he has been denied adequate medical treatment for his alleged breathing difficulties in retaliation for his having filed various lawsuits and prison grievances. In addition to injunctive and declaratory relief, Brown sought compensatory and punitive damages.

Brown's IFP motion and complaint were referred to a Magistrate Judge who issued a Report concluding that Brown's allegations failed to rise to the level of imminent

3

danger within the meaning of § 1915(g), and thus recommending that his IFP motion be denied. Having considered Brown's objections, the District Court found his reliance on this Court's decision in Gibbs v. Cross, 160 F.3d 962 (3d Cir. 1998), unavailing. The court concluded that "Gibbs neither reflects the applicable standards of law governing the matter at hand, see Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-13 (3d Cir. 2001) (*en banc)*, nor reflects a factually analogous basis for satisfying those standards." (District Ct. Mem. Order at 1.) Accordingly, the District Court entered an order denying Brown's IFP motion and dismissing his complaint for failure to pay the filing fee. The District Court allowed Brown to retain the right to reopen the matter by paying the full fee within 60 days. The instant appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review the denial of a motion seeking leave to proceed IFP, see Abdul-Akbar, 239 F.3d at 311, and we exercise plenary review over the District Court's interpretation of § 1915(g). See Gibbs v. Cross, 160 F.3d at 964.[1] We conclude that the District Court erred in denying Brown's IFP motion.

Pro se allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants. See id. at 966; Gibbs v. Roman,

---

[1] Brown has submitted documents to support his assertion that he delivered his notice of appeal to prison officials for mailing within the time limit prescribed by Fed. R. App. P. 4(a)(1)(A). Accordingly, we find that his appeal was timely filed under the prisoner mailbox rule of Houston v. Lack, 487 U.S. 266, 271-72 (1988). See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

4

116 F.3d 83, 86 & n.6 (3d Cir. 1997), <u>overruled on other grounds by</u> <u>Abdul-Akbar</u>, 239 F.3d at 312. This standard does not require district courts to accept "allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" <u>Gibbs v. Cross</u>, 160 F.3d at 967 (quoting <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). The District Court did not conclude that Brown's allegations rise to that level, however, and we cannot say that they do. While we express no opinion on the merits of Brown's allegations, we cannot agree with the District Court that they are not sufficient to invoke the exception contained in § 1915(g). They plainly state a continuing danger of serious physical injury that was imminent at the time Brown filed his complaint.

Additionally, the District Court failed to explain its conclusion that <u>Gibbs v. Cross</u> no longer reflects the applicable standard for imminent danger allegations, and we are uncertain as to the basis for its conclusion that Brown's reliance on <u>Gibbs</u> is misplaced. Although this Court has held that allegations that the prisoner faced imminent danger *in the past* are insufficient to trigger the exception to § 1915(g), <u>see</u> <u>Abdul-Akbar</u>, 239 F.3d at 312 (overruling <u>Gibbs v. Roman</u>, 116 F.3d at 86), there is nothing in <u>Abdul-Akbar</u> to suggest that we have retreated from our conclusion in <u>Gibbs v. Cross</u> that a court should construe all allegations in a complaint in favor of the plaintiff or our determination that the factual basis for the imminent danger allegation in that case (e.g., continuous flow of contaminated air into cell was causing headaches and other symptoms) would no longer be sufficient for § 1915(g) purposes.

We are cognizant of the fact that Brown has an extensive history of litigation, and

5

we share the District Court's concerns that his claims of imminent danger have been included in his complaint solely to avoid application of the "three strikes" provision set forth in § 1915(g). Nevertheless, the PLRA permits even litigious prisoners to proceed without pre-payment of the fee if they are under imminent danger of serious physical injury. Brown has adequately alleged as much in this case, and those allegations were not challenged. Significant problems with ventilation, at least where resulting health problems are caused by ventilation issues, can meet the imminent danger standard. See Gibbs v. Cross, 160 F.3d at 965. Brown is, thus, eligible to proceed without pre-paying the filing fee.

### III.

Accordingly, we will vacate the judgment of the District Court and remand the matter for it to grant Brown's motion for leave to proceed IFP if it determines that he has made a sufficient showing of indigence, see Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998), and thereafter to conduct such further proceedings as may be appropriate. We emphasize that we express no opinion on the merits of Brown's claims and that his complaint remains subject to screening under 28 U.S.C. § 1915(e). See Gibbs v. Cross, 160 F.3d at 967.