BLD-141                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4200
_____

IN RE:  ALTON D. BROWN,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 13-cv-00465)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 19, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: January 6, 2014)
_____

OPINION
_____

PER CURIAM

    Alton Brown seeks a petition for a writ of mandamus, requesting that we order the

District Judge and the Magistrate Judge presiding over his District Court case to recuse.[1]

_____

[1] Brown previously filed a recusal motion in the District Court.  The District Judge
considered it as a motion for his and the Magistrate Judge's recusal under 28 U.S.C.
§§ 144 & 455.  The District Judge denied it as to himself and ruled that he had no power
to rule on it as to the Magistrate Judge under In re Kensington Int'l Ltd., 353 F.3d 211,
223 n.12 (3d Cir. 2003).  Brown took an appeal (C.A. No. 13-3844), but it was dismissed
for failure to prosecute in an order entered on November 26, 2013.

He also asks that we stay the District Court proceedings pending our ruling on his petition.

Brown alleges that the two jurists are biased and not impartial, primarily detailing various rulings against him or in favor of the defendants. He contends that some of his motions and claims have been ignored and that some of his allegations or arguments have been misstated or misrepresented. In further support of his mandamus petition, he notes that the District Judge presides over other cases of his and enters rulings adverse to him in those matters (as well as makes "false claims" about the defendants' intentions and District Court orders).

Brown also contends that the District Judge is biased against him because of his appellate success[2] and because the District Judge was removed from a previous case after Brown filed a mandamus petition seeking his recusal. He also states that the District and Magistrate Judges dislike him and others who incur "three strikes" under the Prisoner Litigation Reform Act ("PLRA"). He also mentions, but does not specify, a surreptitious communication to the defendants by the District Judge.

Upon review, we deny Brown's petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a

---

[2] Before Brown's case was transferred from the United States District Court for the Western District of Pennsylvania to the United States District Court for the Eastern District, we vacated an order denying him *in forma pauperis* status in his District Court action. See Brown v. DiGuglielmo, 486 F. App'x 299, 302-03 (3d Cir. 2012) (per curiam).

petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (citations omitted); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

First, to the extent that Brown seeks mandamus relief related to any refusal to recuse under 28 U.S.C. § 144, mandamus relief is not available because Brown may still take an appeal from that order after final judgment is entered in his District Court case. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992). To the extent that Brown argues that recusal is proper under 28 U.S.C. § 455 on the basis that the impartiality of the judges presiding over his case might reasonably be questioned, we may consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d at 219-20; Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). To determine whether the extraordinary writ should issue, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 & n.12 (3d Cir. 2004). If a reasonable person, with knowledge of all the facts, would reasonably question a judge's impartiality, that judge must recuse under § 455(a). See id. at 302.

Given the facts of this case, neither the District Judge nor the Magistrate Judge must recuse. Brown's primary basis for recusal, his dissatisfaction with District Court

3

rulings, does not require recusal.[3]  See SecuraComm Consulting, Inc. v. Securacom Inc.,
224 F.3d 273, 278 (3d Cir. 2000).  He also takes issue with characterizations of his efforts
and evidence, but any purported misinterpretations or misstatements were permissible
opinions formed by the District Judge in the course of judicial proceedings.  See Liteky v.
United States, 510 U.S. 540, 555 (1994).  They were relatively neutral remarks and
statements which do not suggest "deep-seated favoritism or antagonism."  Id.  To the
extent that criticism was explicit or implied, even critical, disapproving or hostile
comments do not provide a basis for recusal in this case.  See id.

Also, the District Court Judge is not required to recuse merely because he presided
over a prior case involving Brown.  See In re Corrugated Container Antitrust Litig., 614
F.2d 958, 966 (5th Cir. 1980).  Although Brown suggests that the District Judge was
removed from an earlier case after Brown filed a mandamus petition in this Court, we
never ordered recusal as a result of that petition.  That petition was dismissed for failure
to prosecute.  See In re Alton D. Brown, C.A. No. 08-1350 (order entered Mar. 4, 2008).
The District Court case was coincidentally randomly reassigned to another judge
subsequent to the dismissal of Brown's appeal.  See Brown v. DiGuglielmo, E.D. Pa.
Civ. No. 07-cv-03771 (order entered Jun. 2, 2008).

---

[3] To the extent his arguments about ignored claims and motions include claims of
temporary or other delay, we see no undue delay that could be considered a failure to
exercise jurisdiction such that a writ of mandamus would be appropriate.  See Madden,
102 F.3d at 79.

4

Furthermore, recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981). For instance, Brown's arguments regarding bias on the basis of his appellate victory in proceedings involving a judge in a different district and bias because of Brown's status as a "three-striker" under the PLRA are too speculative of claims to require recusal. Likewise, his mention of a "surreptitious communication" is unsupported in the record.

For these reasons, the District Judge did not err in denying Brown's motion and declining to recuse from hearing Brown's case.[4] Brown's petition for a writ of mandamus is denied. His motion to stay the District Court proceedings pending our decision is denied as moot.

---

[4] As the District Judge noted, in reliance on In re Kensington Int'l Ltd., 353 F.3d at 223 n.12, he was declining to rule on the recusal motion in relation to the Magistrate Judge because there was no reason why the Magistrate Judge could not consider the matter himself. In affirming the District Court's decision, we note further that Brown presented no reason to question the Magistrate Judge's impartiality either. See Erie Telecomms. v. City of Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).