CLD-026                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2477
_____

ASIA JOHNSON,
                              Appellant

v.

ETHAN LOWERY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-18-cv-00736)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2018)
_____

OPINION*
_____

PER CURIAM

Appellant Asia Johnson, proceeding pro se, appeals from the District Court's

dismissal of her action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

reasons that follow, we will summarily affirm the District Court's judgment with one modification.

In June 2018, Johnson filed a complaint in the District Court alleging that she had dated "Ethan Lowery/Baby E," a musician, who was harassing her, having people follow her, attempting to steal her personal information, and "sleeping with [her] hair dresser," because she had "reach[ed] out to Jay Z [at] the end of 2015 for sponsorship on [her] business plan." See Compl. at 5. She sought a protection from abuse order and "money to move." See id. at 6. Johnson also filed a motion for leave to proceed in forma pauperis ("IFP"). The District Court dismissed Johnson's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), concluded that amendment would be futile, and denied Johnson's IFP request as moot. Johnson timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Barring exceptional circumstances not present here, in this Circuit, a decision to grant or deny a motion to proceed IFP is based solely on a litigant's economic eligibility. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); see also Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998). If a litigant "is unable to pay . . . court costs and filing fees, the court will grant leave to proceed in forma pauperis" and may then screen a complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). Based on her motion in the District Court listing a

2

monthly income of $653, $300 in cash or savings, and monthly basic living expenses and support payments totaling $742, Johnson was financially eligible to proceed IFP when she filed her complaint. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Thus, District Court erred in denying Johnson leave to proceed IFP based on the merits of her complaint.

Turning to the District Court's analysis of Johnson's claims, we construe Johnson's complaint liberally, and exercise plenary review over the dismissal of her complaint as frivolous. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). The District Court properly concluded that Johnson failed to state any federal cause of action and did not present a basis for diversity jurisdiction. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). Further, given her allegations, the District Court correctly determined that it would have been futile to grant Johnson leave to amend her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will summarily affirm the District Court's judgment but direct that it modify its order to grant Johnson's motion to proceed IFP.